IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01707-NYW

ADAN RAMIREZ,

    Petitioner,

v.

C.R. GOETZ, *Acting Warden, FCI Florence*,

    Respondent.

---

# MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Petitioner Adan Ramirez's ("Petitioner" or "Mr. Ramirez") Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application"). [#4, filed Aug. 7, 2017]. The undersigned considers the Application pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated October 3, 2017 [#18]. The court has reviewed the Application and associated briefing, the entire case file, and the applicable law, and has concluded that oral argument will not materially assist in the resolution of this matter. For the reasons stated herein, this court **DENIES** the Application.

## BACKGROUND

    The record reveals the following facts. On June 10, 2014, officers of the Greeley Police Department arrested Mr. Ramirez for Conspiracy to Possess with Intent to Distribute Methamphetamine and for violating his parole in three prior state criminal cases—2008CR606, 2009CR3254, and 2009CR3274. *See* [#17-1 at ¶ 7; #17-3 at 3, 11–13; #17-4 at 2–6, 11]. The arrest and parole violation resulted in the Colorado Department of Corrections ("CDOC")

revoking Mr. Ramirez's parole on July 8, 2014.  [#17-1 at ¶ 7; #17-3 at 3; #17-4 at 8].  Mr. Ramirez's parole violation carried a three-year prison sentence (the "state sentence"), which the CDOC commenced as of March 13, 2014, his original parole date.  [#17-1 at ¶ 7; #17-4 at 8–10].  With earned time credited to this sentence, Mr. Ramirez's state sentence was to discharge on July 1, 2016.  *See* [#17-1 at ¶ 10; #17-4 at 8–10, 11, 13].

On July 9, 2014, while in state custody, federal authorities arrested Mr. Ramirez on four counts of drug-related offenses and one count for possession of a firearm, all in violation of federal law.  *See United States of America v. Ramirez*, Criminal No. 14-cr-00249-2-PAB, [ECF Nos. 1, 3, 21]; *see also* [#17-1 at ¶ 8; #17-2 at 3; #17-3 at 2–3; #17-4 at 11].  Pursuant to a writ of habeas corpus *ad prosequendum*, the United States Marshals took Mr. Ramirez into temporary federal custody and transported him from Weld County Correction Facility to the United States District Court for the District of Colorado for his initial appearance.  *See* [#17-1 at ¶ 8; #17-3 at 3; #17-4 at 11; #17-5 at 2, 4–5]; *see also United States v. Ramirez*, Criminal No. 14-cr-00249-2-PAB, [ECF Nos. 17, 19, 20].  Mr. Ramirez remained in federal custody until his federal sentencing on March 3, 2016.  *See* [#17-1 at ¶ 9; #17-5 at 2–3; #17-6].

Based on the federal charges, Mr. Ramirez received a total of 144 months imprisonment (the "federal sentence") to run concurrently with his state sentence.  *See* [#17-6 at 4].  Following sentencing in the federal matter, the United States Marshals inquired as to whether Mr. Ramirez was to be returned to state custody until the discharge of his state sentence.  [#17-1 at ¶ 10; #17-4 at 13; #17-5 at 2].  The CDOC responded that Mr. Ramirez's state sentence was still set to discharge on July 1, 2016, but should the BOP release him before that date he would need to serve the rest of his state sentence at a CDOC facility.  *See* [#17-1 at ¶ 10, #17-4 at 13].

Mr. Ramirez is currently incarcerated at the Federal Correctional Institution ("FCI") in Florence, Colorado; his projected release date is August 16, 2026. *See* [#4 at 5; #17-1 at ¶¶ 4, 9; #17-2 at 3]. He filed the instant Application on July 13, 2017, which he subsequently re-submitted on the proper form on August 7, 2017. *See* [#1; #4]. In the Application, Mr. Ramirez argues the Federal Bureau of Prisons ("BOP") never credited him for the time spent in custody from his initial arrest on June 10, 2014, to his federal sentencing on March 3, 2016, in violation of 18 U.S.C. § 3585(b) and his Fifth Amendment due process rights.[1] [#4]. According to Mr. Ramirez, he is entitled to a 572-day[2] reduction in his federal sentence, based on his presentence confinement. [*Id.*].

Respondent C.R. Goetz ("Respondent" or "Warden Goetz") filed a Response on October 3, 2017. [#17]. Though advised of his right to file a Reply by October 24, 2017, *see* [#19], no Reply was ever received. The Application is now ripe for disposition, and the court considers the Parties' arguments below.

**STANDARD OF REVIEW**

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is

---

[1] Elsewhere in his Application Petitioner refers fleetingly to his equal protection rights under the Fifth Amendment; however, because the crux of Mr. Ramirez's Application focuses on presentence credits, the court concentrates solely on this issue, as nothing in the Application articulates a cognizable Fifth Amendment claim. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (holding, "those who seek to invoke [the due process clause's] procedural protection must establish" that they were denied a protected property or liberty interest without adequate procedural protections).

[2] It is not entirely clear to this court how Plaintiff arrives at 572 days. *See* [#17-2 at 5; #17-4 at 13]; *see also* [#4 at 6 (arguing that the BOP credited only 32 days of presentence confinement, not the entire 572 days)]. However, neither Party suggests that the number of days is inaccurate, or explains the precise calculation. In the end, the exact number of days actually credited does not affect the court's analysis, and therefore, the court simply accepts it for the purposes of this action.

3

to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting an application under § 2241 attacks the execution of a sentence, not its validity). This includes challenges to the computation of a prisoner's sentence. *See Atkins v. Garcia*, 816 F. Supp. 2d 1108, 1110–13 (D. Colo. 2011). Habeas corpus relief is warranted only if Mr. Ramirez "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Because Mr. Ramirez proceeds *pro se* the court liberally construes his filings, but, in doing so, does not act as his advocate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the court applies the same procedural rules and substantive law to Mr. Ramirez as to a represented party. *See Murray v. City of Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

As mentioned, Petitioner asserts he is entitled to 572 days of presentence credit for his time spent in custody from his arrest on June 10, 2014, to his federal sentencing on March 3, 2016. [#4 at 2, 5, 6]. Mr. Ramirez argues the BOP should have credited all of this time towards his 144-month federal sentence, but did not do so in violation of 18 U.S.C. § 3585(b). [*Id.*]. Mr. Ramirez continues that the BOP was required to credit this time, because the "federal government never filed a Writ of Habeas Corpus Ad Prosequemdum [sic] with the state requesting [his] person for the purpose of the judicial proceedings had in relation to the federal case," and "the State of Colorado/[CDOC], lodged a 'detainer' with the federal authorities requesting his person at the conclusion of the federal matter/proceedings." [*Id.* at 6]. According

to Mr. Ramirez, he is now required to serve "a term of incarceration that exceeds the sentence imposed by the court[.]" [*Id.*].

Warden Goetz responds that Petitioner's Application is premised on "a misconception of how his state sentence affected his federal sentence[,]" such that the BOP applied the 572 days of presentence confinement to Mr. Ramirez's state sentence. [#17 at 2–3]. Respondent explains that federal authorities held Petitioner pursuant to a writ of habeas corpus *ad prosequendum*, meaning Mr. Ramirez was still serving his state sentence under state custody despite being held by federal authorities. [*Id.* at 3]. Thus, the BOP applied the 572-day credit to his state sentence pursuant to 18 U.S.C. § 3585(b), and properly calculated his federal sentence from the date of sentencing, March 3, 2016. [*Id.*]. For the following reasons, I respectfully agree with Respondent.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). In doing so, the BOP must calculate a prisoner's sentence under the parameters of 18 U.S.C. § 3585, which govern (a) the commencement of the sentence, and (b) any credit for time spent in official detention prior to the commencement of the sentence. 18 U.S.C. § 3585(a), (b).

Disputed here is whether the BOP properly credited Mr. Ramirez for time spent in official detention between his arrest and federal sentencing. Section 3585(b) provides,

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Explicit in section 3585(b) is the prohibition against double crediting, *Blood v. Bledsoe*, 648 F.3d 203, 209 (3d Cir. 2011); that is, if the BOP applies presentence credit to a state sentence, for example, it cannot also apply that credit to a concurrent federal sentence, *see e.g.*, *Falan v. Gallegos*, 38 F. App'x 549, 552 (10th Cir. 2002) (holding, "since that time was presumably credited against [the plaintiff's] state sentence, it cannot qualify under the plain language of 18 U.S.C. § 3585(b).").

Here, the court concludes that the BOP properly credited the 572 days to Mr. Ramirez's state sentence. To start, contrary to Mr. Ramirez's first contention, federal authorities took possession of his person pursuant to a valid writ of habeas corpus *ad prosequendum* after his June 10, 2014 arrest by the Greeley Police Department. *See* [#17-1 at ¶¶ 7–9; #17-3 at 3; #17-4 at 11; #17-5 at 2–5; #17-6]; *see also United States v. Ramirez*, Criminal No. 14-cr-00249-2-PAB, [ECF Nos. 17, 19, 20]. Mr. Ramirez thus remained in the State of Colorado's primary custody even if the federal government took physical custody of him as of July 9, 2014, pending the adjudication of his federal charges. *See Hernandez v. U.S. Atty. Gen.*, 689 F.2d 915, 918 (10th Cir. 1982); *accord Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (explaining that the first arresting sovereign retains primary custody unless or until it relinquishes that priority). Further, Petitioner's federal charges resulted in a federal sentence of 144 months to run concurrently with his state sentence, which led the BOP to calculate his federal sentence as

commencing on the date Petitioner was sentenced, March 3, 2016.[3]  *See* BOP Program Statement 5880.28, Sentence Computation Manual (PS 5880.28), Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

Under these circumstances, Mr. Ramirez's federal detention under a writ of habeas corpus *ad prosequendum* did not divest the State of Colorado of primary custody *prior* to Petitioner's federal sentencing, and nothing in the record suggests otherwise.  *See Binford v. United States*, 436 F.3d 1252, 1255–56 (10th Cir. 2006); *accord United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (noting a sovereign can relinquish primary jurisdiction by "(1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence.").  The BOP, therefore, concluded that Mr. Ramirez received the 572-day presentence credit on his state sentence,[4] *see* [#17-1 at ¶ 11; #17-2 at 5], which is specifically contemplated by the BOP's regulations, *see* BOP Program Statement 5880.28, Sentence Computation Manual (PS 5880.28), Chapt. 1, Page 21 (explaining, "the time spent on writ [of habeas corpus *ad prosequendum*] is not credible[,] as the underlying basis for custody is the state offense and all time is credited to the state offense.").  The court finds no error with the BOP's computations.  *See Ortiz v. Denham*, No. 14-CV-01663-CBS, 2015 WL 3498770, at *3–6 (D. Colo. June 2, 2015) (denying the petitioner's § 2241 application because the BOP properly credited the petitioner's presentence confinement to his state sentence even though he was under federal detention pursuant to a writ of habeas corpus *ad prosequendum*).

---

[3] Accordingly, Mr. Ramirez was to serve the concurrent phase of his state and federal sentences between March 3 and July 1, 2016.  *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with the remainder of the one then being served.").

[4] Though unclear whether the BOP credited roughly 543 days to Petitioner's state sentence and roughly 33 days to his federal sentence, *see supra* n.2, the BOP nonetheless credited *all* presentence time allowed under section 3585(b).

Second, the fact that the State of Colorado or CDOC lodged a detainer with the federal government does not necessitate a different conclusion. "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992). Rather, it puts the federal government on notice of another jurisdiction's interest over a prisoner. *See id.* Indeed, a State of Colorado or CDOC detainer supports the conclusion that Petitioner remained under the State of Colorado's primary custody despite being detained temporarily by federal authorities. *Cf. Carlsen v. Wands*, No. 10-cv-00475-MSK-MJW, 2011 WL 97240, at *4 (D. Colo. Jan. 12, 2011) (denying the petitioner's § 2241 application where the BOP credited the petitioner's presentence confinement to his state sentence, because "nothing in this record [] indicates that either state or federal authorities believed the [petitioner] was being held in 'official detention' by federal authorities, rather than being temporarily detained.").

Based on the foregoing, I conclude that the BOP properly credited Mr. Ramirez for his 572 days' worth of presentence confinement. Petitioner's federal detention pursuant to a writ of habeas corpus *ad prosequendum* did not divest the State of Colorado of primary custody over Mr. Ramirez. That is, he continued to serve his state sentence while awaiting the commencement of his federal sentence, "as a federal sentence cannot begin prior to [its] imposition . . . ." *Ivy v. Stewart*, No. CV PX-17-816, 2017 WL 6388743, at *5 (D. Md. Dec. 14, 2017). And, as discussed, Mr. Ramirez could not receive presentence credit as to his state sentence *and* then again as to his federal sentence under section 3585(b). *See Daniel v. Daniels*, No. 13-CV-02482-CMA, 2014 WL 2763903, at *3 (D. Colo. June 17, 2014) ("Because of the statutory prohibition on double sentencing credit, [the petitioner] is not eligible for credit toward

his federal sentence for the time he spent under the writ when that time was applied against hist [sic] state sentence."). Thus, the court **DENIES** his Application.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Petitioner Adan Ramirez's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#4] is **DENIED**; and

(2) This matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a copy of this Memorandum Opinion and Order is to be sent to the following:

> CASE MANAGER FOR
> ADAN RAMIREZ #40531-013
> FLORENCE FEDERAL CORRECTIONAL INSTITUTION
> Inmate Mail/Parcels
> PO BOX 6000
> FLORENCE, CO 81226

DATED: January 24, 2018                    BY THE COURT:

                                           s/ Nina Y. Wang
                                           United States Magistrate Judge